UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

MARGARET VAUGHN,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff MARGARET VAUGHN, a Georgia citizen and resident, sues Defendant, CARNIVAL CORPORATION, a Panamanian Corporation with its principal place of business in Miami-Dade County, Florida, doing business as CARNIVAL CRUISE LINES, (CARNIVAL) and alleges:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff MARGARET VAUGHN is sui juris and is a permanent resident and citizen of the State of Georgia.

3. Defendant, CARNIVAL CORPORATION, is a Panamanian corporation with its principal place of business in Miami, Dade County, Florida. At all material times Defendant, CARNIVAL CORPORATION, has done business under the fictitious name "CARNIVAL CRUISE LINES." For federal jurisdictional purposes, CARNIVAL is both a citizen of Panama

and a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. §1332(a) (2). As alleged above there is complete diversity in citizenship of the parties because Plaintiff, MARGARET VAUGHN is and all material times has been a citizen and resident of the state of Georgia, while Defendant CARNIVAL is a citizen both of Panama and of Florida for jurisdictional purposes. The amount of damages claimed exceeds the minimum jurisdictional amount required for diversity of citizenship cases. The damages alleged in Paragraph 14 below support an award of damages in excess of $75,000.00.

5. At all material times, CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida.

6. At all material times, Defendant, CARNIVAL has engaged in business in this district, so venue is proper in this Court.

7. At all material times, the Defendant, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

8. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

9. Venue is also proper in this district because the Defendant's principal places of business are located within this district.

10. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship. Furthermore, the Plaintiff gave the Defendant a timely written notice of claim as required by the ticket contract on July 26,

2019, see attached Exhibit 1, and CARNIVAL acknowledged receipt of this written notice of claim on August 28, 2019.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

11. At all material times, the Defendant, CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the CARNIVAL M/S "SUNSHINE."

12. At all material times, including the accident date of March 12, 2019, the Plaintiff was a fare-paying passenger on board the CARNIVAL M/S "SUNSHINE" and in that capacity was lawfully present on board the vessel.

13. On or about March 12, 2019, while the Plaintiff was lawfully on board the CARNIVAL M/S "SUNSHINE" as a fare paying passenger, she tripped and fell in the deck 5 "Liquid Lounge" at portside. The trip and fall occurred because of a partially concealed electric mobility scooter which was parked in a dangerous manner; to wit, the scooter was placed in an area outside of that which is designated for handicap scooter parking. Additionally, the scooter was concealed from the Plaintiff's view due to inadequate lighting and the presence of others in the area. Plaintiff sustained serious injuries as a result of the fall.

14. CARNIVAL had actual and/or constructive notice of the dangerous condition described above. Specifically, there have been frequent prior trip and fall incidents caused by inadequate lighting in this area of the ship. CARNIVAL knew or should have known that a scooter parked in this location posed a foreseeable risk of injury to persons walking carefully in the area.

15. Further, as a result of the high traffic nature of this passenger walkway, and the possible hazards flowing therefrom, a number of safety agencies such as ASTM International and the American National Standards Institute (ANSI) have developed safety standards applicable to

this or similar passenger walkways, specifically related to lighting conditions, the placement of objects in walkways, and the required warnings near their presence. The standards in and of themselves constitute constructive notice that conditions in violation of the standards are hazardous, a fact which is exacerbated by prior incidents revealing to the Defendant that the lighting and placement of the scooter was in fact deficient in these areas.

16. Due to the concealed nature of the scooter, the presence of other pedestrians nearby, and the inadequate lighting at the time, the risk creating condition was not open and obvious to the Plaintiff.

17. As a direct and proximate result of the trip and fall described above, the Plaintiff was injured in and about her body and extremities, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability, and the inability to lead a normal life. She incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries and will incur health care expenses reasonably certain to occur in the future. She has sustained aggravation or activation of preexisting conditions. She lost earnings and will continue to lose earnings or earning capacity in the future. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## **COUNT I – NEGLIGENT MAINTENANCE**

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-17 above and further alleges:

18. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the area where Plaintiff fell in a reasonably safe condition, and

to correct dangerous conditions of which it knew or should have known about in the exercise of reasonable care.

19. At all material times including the time referenced in the preceding paragraph, the area where the Plaintiff fell was in a high traffic area and was in a condition dangerous to passengers traversing the area, including the Plaintiff, due to the poor lighting obscuring the partially concealed scooter, the misplacement of the scooter out of its designated storage area, and the presence of others in the area as described above.

20. As described in paragraphs 13 and 14 above, at all material times, the Defendant either knew or should have known of the dangerous condition in the area where the Plaintiff fell, or in the exercise of reasonable care should have known of the condition as it had actual or constructive notice of the misplacement of the scooter out of its designated storage area, poor lighting and safety issues flowing therefrom, and Defendant accordingly owed a duty to Plaintiff timely to remedy the dangerous condition.

21. Also, as described in paragraph 15 above, at all material times, the risk creating condition was not open and obvious to the Plaintiff.

22. Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition described above, the Defendant failed before the time of the Plaintiff's fall to take reasonable measures to maintain the area in a reasonably safe manner or to correct its condition. The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

23. The Defendant's specific negligent acts or omissions consist of one or more of the following:

    a. Failing to maintain the area in a reasonably safe condition;

      b.      Failing to provide sufficient lighting in the area where Plaintiff fell;

      c.      Failing to conduct sufficiently frequent routine inspections of the area where Plaintiff fell;

      d.      Failing timely to correct the dangerous condition of the area where Plaintiff fell;

      e.      Failing to enforce handicap scooter parking rules.

24. As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and continues to sustain the damages alleged in Paragraph 17 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

### COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-17 above and further alleges:

25. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn of dangerous conditions of which it knew or should have known in the exercise of reasonable care.

26. At all material times including the time referenced in the preceding paragraph, the area where the Plaintiff fell was in a high traffic area and was in a condition dangerous to passengers traversing the area, including the Plaintiff, due to the misplacement of the scooter out of its designated onboard storage area, poor lighting obscuring the partially concealed scooter and the presence of others in the area as described above.

27. As described in paragraphs 13 and 14 above, at all material times, the Defendant either knew or should have known of the dangerous condition in the area where the Plaintiff fell,

or in the exercise of reasonable care should have known of the condition as it had actual or constructive notice of poor lighting, misplacement of the partially concealed scooter, the presence of others in the area and safety issues flowing therefrom, and Defendant accordingly owed a duty to Plaintiff to adequately warn of the presence and nature of dangerous condition.

28. Also, as described in paragraph 15 above, at all material times, the risk creating condition was not open and obvious to the Plaintiff.

29. Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition described above, the Defendant failed before the time of the Plaintiff's fall to take reasonable measures to adequately to warn the Plaintiff through placement of appropriate signage or markings, orally delivered or written warnings, or otherwise. The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

30. As a direct and proximate result of the Defendant's negligence as described above the Plaintiff sustained and continues to sustain the damages alleged in Paragraph 17.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 28th day of September, 2021.

                                                **s/NICHOLAS I. GERSON**
                                                NICHOLAS I. GERSON
                                                Florida Bar No. 0020899
                                                GERSON & SCHWARTZ, P.A.
                                                Attorneys for Plaintiff
                                                1980 Coral Way
                                                Miami, FL 33145-2624
                                                Telephone:   (305) 371-6000
                                                Facsimile:    (305) 371-5749